UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
:
:
IN RE DITECH HOLDING CORPORATION, et :     22 Civ. 9127 (LGS)
al. :
:     **OPINION AND ORDER**
:
:
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      Appellants James Lapinski and Patricia Lapinski, proceeding pro se, appeal a decision of the United States Bankruptcy Court for the Southern District of New York disallowing and expunging two proofs of claims Appellants filed in the bankruptcy case of Ditech Holding Corporation ("Ditech") and certain of its affiliates (collectively, the "Debtors"). Appellees in this action are the Consumer Claims Trustee, certain Debtors (i.e., Ditech and Green Tree Servicing Corp.),[1] and two entities that are not parties to the underlying bankruptcy action: D. R. Horton, Inc. ("D. R. Horton") and Federal National Mortgage Association ("Fannie Mae").

      The Consumer Claims Trustee, which has the exclusive authority to object to Consumer Claims filed in the bankruptcy proceeding, argues that the Bankruptcy Court's order should be affirmed. Appellees D. R. Horton and Fannie Mae move separately to be dismissed from the appeal pursuant to Federal Rule of Civil Procedure 21, due to misjoinder. For the reasons below, the appeal is dismissed, and the Bankruptcy Court's decision is affirmed. D. R. Horton's and Fannie Mae's motions under Rule 21 are denied as moot.

---

[1] It is unclear whether Green Tree Servicing Corp. is a separate entity from Green Tree Servicing, LLC, or from Ditech, and therefore a separate Debtor in the bankruptcy proceeding. In any event, these facts are immaterial to the disposition of this appeal.

I.  **BACKGROUND**

The following facts appear to be undisputed and are taken from the record on appeal, unless otherwise noted.

On October 29, 2008, Appellants executed a promissory note in the amount of $168,000. The note was secured by a mortgage on property located at 110 Alexandria Circle in Deland, Florida. On October 7, 2013, the mortgage was assigned to debtor Green Tree Servicing, LLC ("Green Tree"). On August 31, 2015, Green Tree was renamed as Ditech Financial LLC.

On January 18, 2014, Green Tree brought a foreclosure action against Appellants in the Circuit Court of the Seventh Judicial Circuit in Volusia County, Florida. On February 3, 2017, the court granted Green Tree's motion for a summary final judgment of foreclosure. On February 13, 2017, Appellants filed an appeal. On March 19, 2018, the Florida appellate court affirmed. Appellants then appealed to the Florida Supreme Court, which denied Appellants' petition for rehearing.

On February 11, 2019, the Debtors each commenced Chapter 11 bankruptcy proceedings. On February 22, 2019, the Bankruptcy Court set April 1, 2019, as the deadline for each person or entity, not including governmental units, to file proof of claim in the Debtors' Chapter 11 cases. On March 27, 2019, the Bankruptcy Court extended the deadline to April 25, 2019 (the "Extended General Bar Date"). On May 2, 2019, the Bankruptcy Court extended the General Bar Date solely for consumer borrowers to June 3, 2019. On September 26, 2019, the Court confirmed the Debtors' Third Amended Joint Chapter 11 Plan, which vested in the Consumer Claims Trustee the exclusive authority to object to consumer creditor claims.

On November 8, 2019, Appellants filed Proof of Claim 2625 ("Claim 2625"), asserting claims against Ditech, and others, arising out of the foreclosure of their mortgage in 2013.

Appellants sought compensation of $1,950 in monthly rents from July 2013 to December 30, 2019, or later, adjusted for inflation. On November 11, 2019, Appellants filed Proof of Claim 2687 ("Claim 2687"), which is identical to Claim 2625.

On December 15, 2020, the Consumer Claims Trustee filed the Thirty-Ninth Omnibus Objection, which objected to the claims on the grounds that the claims failed to state a claim upon which relief could be granted and were untimely. On January 8, 2021, Appellants filed a response to the objection. In the response, Appellants demanded $300,000 from Ditech and certain other Debtor and non-Debtor entities for the "theft" and "fraud" of Appellants' retirement home. Appellants alleged that they were wrongfully forced to vacate the residency by the "defendants" and a "corrupt" judge in the Volusia County Circuit Court, who "illegally denied" Appellants a foreclosure hearing in 2013. Appellants listed their causes of action as "criminal and civil collusion among [Fannie Mae], D. R. Horton, Bank of America, N.A., Ditech and Green Tree" to steal the residence in violation of "U.S. Code 470, the Racketeer [sic] Act, and the U.S. Constitution." Appellants also asserted malpractice claims against the Homeowner's Association attorneys, who sued Appellants for unpaid homeowner's association fees. Appellants asked the Bankruptcy Court to "restore title; pay fees, costs" and award "punitive damages to [Appellants]." On June 6, 2022, Appellants filed an additional response which restated substantially their allegations.

On September 29, 2022, U.S. Bankruptcy Judge James L. Garrity, Jr. held a hearing to consider Appellants' claims and the objections thereto. On October 23, 2022, the Bankruptcy Court entered an order disallowing and expunging Claims 2625 and 2687 for failure to state a claim upon which relief could be granted. This appeal followed on October 25, 2022.

Appellants appeal on the grounds that (1) the Consumer Claims Trustee and its attorney Richard Levin lied at the September 29, 2022, hearing and in their filings to the Bankruptcy Court -- i.e., by suggesting that Appellants did not present facts or legal theories to support their claims and (2) Judge Garrity erred in disallowing and expunging the claims on the basis of res judicata, collateral estoppel and the Rooker-Feldman doctrine and/or without giving any legal reasoning in the order disallowing and expunging the claims or at the "hour-long October 5, 2022, hearing."[2] Appellants filed their opening brief in this appeal on January 10, 2023, an amended brief on January 11, 2023,[3] and a second amended brief on February 27, 2023.

## II.   LEGAL STANDARD

District courts have appellate jurisdiction over bankruptcy court rulings under 28 U.S.C. § 158(a)(1).  Section 158(a)(1) confers jurisdiction on the "district courts of the United States . . . to hear appeals (1) from final judgments, orders, and decrees" of the Bankruptcy Court.

"District courts review the legal conclusions of the Bankruptcy Court *de novo*, and its findings of fact under the clearly erroneous standard."  *In re AMR Corp.*, 610 B.R. 434, 444 (S.D.N.Y. 2019).[4]  Mixed questions of fact and law are also reviewed *de novo*.  *See In re Vebeliunas*, 332 F.3d 85, 90 (2d Cir. 2003); *accord In re Hopkins Fabrication*, *LLC*, 600 F. Supp. 3d 215, 232 (D. Conn. 2022).

A pro se filing is granted "special solicitude" and is interpreted "to raise the strongest claims that it suggests."  *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir.

---

[2] The record on appeal does not show that a hearing on this matter was held on October 5, 2022.
[3] The only apparent amendments were to designate (incorrectly) the Lapinskis as "Appellees" rather than "Appellants" and to delete a reference to "Exhibit B."
[4] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes and citations are omitted.

2018); *accord In re 60 91st St. Corp.*, No. 20 Civ. 4032, 2021 WL 860375, at *2 (S.D.N.Y. Mar. 8, 2021).

### III.  DISCUSSION

The Bankruptcy Court's decision to disallow and expunge Claims 2625 and 2687 is affirmed on the ground that the claims were untimely.  *See Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) (An appellate court may "affirm on any basis for which there is a record sufficient to permit conclusions of law, including grounds upon which the [previous] court did not rely."); *accord Markus v. Rozhkov*, 615 B.R. 679, 707 (S.D.N.Y. 2020) (citing the same principle in a bankruptcy appeal).  This decision therefore does not address whether Claims 2625 and 2687 state a legally sufficient claim upon which relief can be granted.  Although the Bankruptcy Court's order disallowing and expunging the claims is based on failure to state a claim, Judge Garrity twice noted at a September 29, 2019, hearing that the claims are also untimely.

Bar dates are "critically important to the administration of a successful chapter 11 case." *In re Musicland Holding Corp.*, 356 B.R. 603, 607 (Bankr. S.D.N.Y. 2006); *accord In re Ditech Holding Corp.*, No. 19 Bk. 10412, 2022 WL 1750997, at *9 (Bankr. S.D.N.Y. May 28, 2022). They are not designed merely as a "a procedural gauntlet" but rather serve "as an integral part of the reorganization process" and the efficient administration of bankruptcy cases. *In re Hooker Invs., Inc.*, 937 F.2d 833, 840 (2d Cir. 1991); *accord In re Roman Cath. Diocese of Syracuse, N.Y.*, 638 B.R. 33, 37-38 (Bankr. N.D.N.Y. 2022).  "If individual creditors were permitted to postpone indefinitely the effect of a bar order . . . the institutional means of ensuring the sound administration of the bankruptcy estate would be undermined." *In re Hooker Invs., Inc.*, 937 F.2d at 840.  Established time limits for claims "serve the important purpose of enabling the parties to a bankruptcy case to identify with reasonable promptness the identity of those making claims

against the bankruptcy estate and the general amount of the claims, a necessary step in achieving the goal of successful reorganization." *Id.*  As such, it is "akin to a statute of limitations, and must be strictly observed." *In re Keene Corp.*, 188 B.R. 903, 907 (Bankr. S.D.N.Y. 1995); *accord In re Roman Cath. Diocese of Syracuse, N.Y.*, 638 B.R. at 38.

Federal Rule of Bankruptcy Procedure 3003(c) requires the Bankruptcy Court to set a bar date after which proofs of claim may not be filed.  Bankruptcy Rule 9006(b)(1) gives the court the discretion to enlarge the time to file claims "where the failure to act was the result of excusable neglect."  The Supreme Court has interpreted "excusable neglect" to be a flexible standard -- one that can include "inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 388 (1993); *accord In re Lehman Bros. Holdings Inc.*, 433 B.R. 113, 119 (Bankr. S.D.N.Y. 2010).  However, "the determination is at bottom an equitable one" that must take "account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co.*, 507 U.S. at 395.  To guide lower courts, the U.S. Supreme Court in *Pioneer* identified four factors that should be considered in analyzing excusable neglect.  They are: "[1] the danger of prejudice to the debtor, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Id.*  The party seeking an extension of time bears the burden of proving excusable neglect. *In re Enron Corp.*, 419 F.3d 115, 121 (2d Cir. 2005).  In the Second Circuit, "the equities will rarely if ever favor a party who fails to follow the clear dictates of a court rule, and . . . where the rule is entirely clear . . . a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test." *Silivanch v. Celebrity*

*Cruises, Inc.*, 333 F.3d 355, 366-67 (2d Cir. 2003); *accord In re Roman Cath. Diocese of Rockville Ctr., N.Y.*, No. 20 Br. 12345, 2023 WL 4497418, at *5 (Bankr. S.D.N.Y. July 12, 2023).

Appellants filed their claims after the Extended General Bar Date for consumer borrowers of June 3, 2019, the operative bar date here.  Appellants filed Claim 2625 on November 8, 2019, and filed Claim 2687 on November 11, 2019, both roughly five months after the Extended General Bar Date had passed, and after the third amended plan was confirmed.  The June 3, 2019, deadline was made "entirely clear" by the Bankruptcy Court.  *See In re Enron Corp.*, 419 F.3d at 123.  The claims are therefore untimely.

Appellants do not present sufficient reason to excuse the delay.  A creditor seeking to file a late claim "must explain the circumstances surrounding the delay in order to supply the Court with sufficient context to fully and adequately address the reason for delay factor and the ultimate determination of whether equities support the conclusion of excusable neglect."  *In re Enron Creditors Recovery Corp.*, 370 B.R. 90, 103 (Bankr. S.D.N.Y. 2007) (citing *Pioneer*, 507 U.S. at 388).  The issue of timeliness has been raised on multiple occasions: in the Thirty-Ninth Omnibus Objection; at the September 29, 2022, hearing before Judge Garrity, who twice noted that the claims were untimely; and in the opposition to the present appeal.  Yet, the record contains no explanation for why the claims were filed after the Extended Bar Date.  Accordingly, review of the *Pioneer* factors is legally futile.  Appellants have not carried their burden of proving excusable neglect.  *See In re Enron Corp.*, 419 F.3d at 121; *In re Lehman Bros. Holdings Inc.*, 433 B.R. at 122 ("Missing the bar date applicable to all claims is fatal.").

## IV.     CONCLUSION

For the reasons stated above, the decision of the Bankruptcy Court is **AFFIRMED**. D. R. Horton's and Fannie Mae's motions under Rule 21 are **DENIED** as moot. Appellants' request at Dkt. No. 31 to receive copies of additional documents is **DENIED** as moot.

The Clerk of Court is respectfully directed to close this case and to mail a copy of this Opinion and Order to the pro se Appellants.

Dated: September 8, 2023
      New York, New York

                                             LORNA G. SCHOFIELD
                                         UNITED STATES DISTRICT JUDGE